**MILLER v. CLARK (two cases).**

**Nos. 7344, 7345.**

United States Court of Appeals for the District of Columbia.

Decided Jan. 29, 1940.

Samuel W. McCart, of Washington, D. C., for appellant.

Chas. S. Baker, Benj. L. Tepper, and Warren E. Magee, all of Washington, D. C., for appellees.

Before STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

Appellees recovered judgments against appellant in actions for personal injuries to appellee Pansy A. Clark caused by collision with appellant's truck. The question is whether the trial court should have granted appellant's motions to direct verdicts in his favor, and to set aside verdicts in appellees' favor, on the ground that the evidence showed contributory negligence on the part of Mrs. Clark. Appellant's negligence is not disputed on this appeal.

Mrs. Clark's testimony was that she walked slowly south on the west sidewalk of Nichols Avenue, S. E., to the north curb of Chicago Street, stopped at this curb, looked back up Nichols Avenue to see if any car was turning from Nichols Avenue into Chicago Street, looked west on Chicago Street, saw her way clear, and then "made one step down and another step forward, when this truck come very quick and I tried to push myself, and I fell back; and, as I fell back I was unconscious." She lived in the neighborhood, and had been told that the crossing was dangerous. Her statement that she stopped, looked up Nichols Avenue and then up Chicago Street was corroborated by several eyewitnesses. Defendant's truck approached the intersection from the same direction as Mrs. Clark, i. e., from the north, on Nichols Avenue. It turned into Chicago Street. A witness testified that it was traveling about 25 miles per hour as it approached the corner, that it turned without slowing down, that the front of the truck passed Mrs. Clark but the rear ran nearer to the curb than the front, and that the right rear fender of the truck struck her "just as she stepped off." One witness placed the truck about 40 feet north of the intersection when Mrs. Clark reached the curb. Appellant did not sound his horn, or in any way signal a right turn.

The evidence supports, if it does not require, the inference that appellee was free from contributory negligence. It is possible that, notwithstanding appellant's negligence, the greatest of care on appellee's

part might have prevented the accident; but she was, of course, required to use only reasonable care. She was not necessarily careless in entering the crosswalk after looking both ways, or in looking up Nichols Avenue first and then up Chicago Street; and reasonable care did not necessarily require her, before or after entering the crosswalk, to look again up Nichols Avenue on the chance that a negligent driver might approach swiftly and without warning from around the corner. It follows that appellant's motions were properly overruled.

Affirmed.