Charles McAFEE, Appellant,

v.

Lora FELTS, Appellee.

No. 16776.

United States Court of Appeals Eighth Circuit.

Nov. 24, 1961.

Ivan E. Moody, Kansas City, Mo., for appellant. E. E. Thompson, Popham, Thompson, Popham, Trusty & Conway, Kansas City, Mo., on the brief.

Galen Knowlton, Kansas City, Mo., for appellee. Michael J. Drape, Knowlton & Drape, Kansas City, Mo., on the brief.

Before VOGEL, VAN OOSTERHOUT and BLACKMUN, Circuit Judges.

VOGEL, Circuit Judge.

Lora Felts, hereinafter referred to as the plaintiff, brought this suit for money damages against Charles McAfee. Suit was originally commenced in the Circuit Court of Jackson County, Missouri. It was removed to the United States District Court for the Western District of Missouri, jurisdictional requirements as to diversity of citizenship and amount being fully satisfied. The case was tried to a jury and resulted in a verdict in plaintiff's favor in the sum of $4,400. Defendant appeals.

In considering the appeal this court must view the testimony in a light most favorable to sustaining the jury verdict and give to the plaintiff, who prevailed, the benefit of all reasonable inferences which may be drawn therefrom.

In Kansas City, Missouri, on June 17, 1959, sometime between the hours of 5:30 and 6:00 o'clock p. m. the plaintiff was walking toward her home, carrying a small bag of groceries, when she was struck by an automobile driven by the defendant. Plaintiff had been walking in an easterly direction across Bell Street in an unmarked crosswalk from the west to the east side of Bell on the north side of 39th Street. Bell Street is 28 feet in width from curb to curb. Defendant had been driving in a westerly direction on 39th Street. He intended making a right-hand turn to go north on Bell Street. He gave no signal of his intention to turn, either by putting on signal lights or with his hand. He was blinded by the sun. The front of his car struck the plaintiff at a point determined by a policeman who investigated the accident to be 20 feet east of the west curbline of Bell Street and 10 feet north of the north curbline of 39th Street and by the plaintiff herself as being about two-thirds of the way across Bell Street. Defendant did not see Mrs. Felts, the plaintiff, at any time before the impact and did not apply his brakes until he heard her scream. He did not know the direction from which she came. He estimated he went about five feet after hearing plaintiff's scream.

There is no contention, nor could there be, that the defendant was not negligent or that his negligence was not a proximate cause of the accident. The circumstances would have justified a court in so directing as a matter of law. Instead, defendant argues that the evidence, even when viewed in a light most favorable to

the plaintiff, establishes that she was guilty of contributory negligence as a matter of law and that that should bar her recovery. Defendant believes that the trial court should have directed a verdict in his behalf in accordance with his motions.

Defendant divides his argument into two sections:

"A. Plaintiff is bound by unexplained admissions made by her.

"B. Plaintiff-appellee was contributorily negligent as a matter of law and not entitled to verdict in her favor."

■ First, with reference to defendant's claim that the plaintiff is "bound by unexplained admissions made by her", he points out that on direct examination the plaintiff testified to seeing an automobile about 40 feet away traveling west on 39th Street, approaching the intersection of Bell Street. He points out that on cross examination the plaintiff conceded that the truth of the matter was that the first time she saw the defendant's vehicle was when it was a foot or a foot and a half away from her and that at that time she was directly in front of the automobile; that her eyesight was good; that she was entirely familiar with the intersection, having lived on the northeast corner thereof and having crossed it many times in both directions; that the sun was shining; that it was a clear day and the streets were dry; and that there was nothing to interfere with her vision looking east on 39th Street. From this defendant argues:

"* * * From such admissions it is inescapable that plaintiff did not see defendant's automobile while she walked at least two-thirds of the way across Bell Street, and as the automobile was turning, until she had actually passed to a point where she was in front of it."

On reading the record, it is clear that there is some inconsistency between the testimony given by Mrs. Felts at the trial and that given in her pre-trial deposition. At the trial she stated:

"* * * I walked across in the crosswalk and I got about two-thirds across, I seen a car approaching about forty feet away, but it didn't give no signal it was going to turn, and when I looked up, the car was right on me. I later learned this car was driven by Mr. McAfee and in my judgment it was going 10 to 15 miles per hour. I would say it was the radiator or the lights of the car that struck me. * * *"

In her cross examination, Mrs. Felts stated she could not tell if the car she had seen a distance of 40 feet away was defendant's. In her deposition, Mrs. Felts stated she did not "see any vehicle at all" until defendant's car was from one to one and a half feet from her.

But from this, however, it cannot be reasonably contended, as defendant does here, that the inconsistent statements amount to an "unexplained admission" which would defeat plaintiff's right to a verdict. Even viewing the testimony in a light most favorable to defendant, the most that could be concluded from Mrs. Felts' statements was that she had not seen defendant's car until it was almost upon her. Assuming this, what difference would it have made if Mrs. Felts had looked up to see a car at a distance of forty feet? Mr. McAfee testified, and it is not disputed, that he had not signalled for a turn onto Bell Street. If Mrs. Felts had looked, all she would have seen would be a car going west on 39th Street, giving no indication whatsoever of any intent on the part of the driver to turn. Accordingly, she would not necessarily have been put on guard. The so-called "unexplained admission" has no prejudicially conclusive effect on plaintiff's cause of action. At most, there was a minor inconsistency in her testimony. The effect thereof was for the jury to determine and their conclusion may not be disturbed here.

■ We turn now to the second section of defendant's argument that plain-

tiff was contributorily negligent as a matter of law and not entitled to recover. Section 31–22.7 of the Traffic Ordinances of Kansas City, Missouri, as revised in 1952, provides in part:

"The driver of any vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at the end of a block."

Defendant concedes that under this ordinance the plaintiff did have the right of way. Nevertheless, defendant argues that:

" * * * it cannot be contended that any such right of way excused her from exercising ordinary care for her own safety which in this instance meant looking not laterally, not over her shoulder, not to her rear, *but merely glancing ahead.* For had she done so, under her own evidence, she could have stopped instantaneously and avoided her injury. She did not do this. Under her own admissions, repeated over and over again, she just didn't look or make any effort to look or if she did, she didn't see what she should have seen while crossing the intersection for traffic coming toward her, which by her testimony was on a street heavy with traffic."

Considering the evidence here, including defendant's testimony, the contention is indefensible. Plaintiff was proceeding in an easterly direction on an unmarked crosswalk where she had a perfect right to be. Under the city traffic ordinances she had the right of way at the crosswalk. When she had advanced a distance of 20 feet, that is, had arrived within 8 feet of the east curbline of Bell Street, she was struck by the front of the defendant's car which had been proceeding in a westerly direction on 39th Street and which turned blindly north at the intersection of Bell Street and ran into her without warning, without signals, and with the driver so blinded by the sun that he did not see her. She

had every right to expect that drivers of vehicles traveling in a westerly direction on 39th Street would not turn north and interfere with her right of way without proper signal and without proper care. The law of the State of Missouri is controlling. There is cited to us O'Shea v. Pattison-McGrath Dental Supplies, Inc., 1944, 352 Mo. 855, 180 S.W.2d 19, which seems to be on all fours with the fact situation with which we are here concerned. There the plaintiff, a pedestrian, was walking in a westerly direction on 9th Street (also in Kansas City, Missouri) across Troost Avenue. Defendant was proceeding in an easterly direction, driving his automobile on 9th Street. At the intersection of Troost Avenue defendant turned south and struck the plaintiff while she was on the crosswalk. In other words, before the defendant turned south plaintiff and defendant were, in effect, approaching each other, as were plaintiff and defendant in the instant case. The court there stated, 180 S.W.2d at page 21:

"Was plaintiff guilty of contributory negligence as a matter of law? It is contended that plaintiff 'either failed to look for traffic from the west until it was too late or did not look with the common prudence required.' Plaintiff said that as she walked west she had her eyes open, was looking ahead; but did not see anything 'before this car came on' her. It is true that on cross examination she testified to the effect that she did not look west on 9th street 'until she started up to the curbing', and then glanced up and saw 'this dark object.' Then when asked directly if that was the first time she had looked west on 9th street, she answered: 'I naturally see west on 9th street.'

* * * * * *

" * * * *Plaintiff was crossing in the pedestrian way and she had the right to assume that an automobile driver would not turn south into Troost and drive upon her without any warning.* Pitcher v.

Schoch, 345 Mo. 1184, 139 S.W.2d 463, loc.cit. 466, and cases there cited. See also, Hopkins v. Highland Dairy Farms Co. et al., 348 Mo. 1158, 159 S.W.2d 254, loc.cit. 256; Miller v. Clark, 71 App.D.C. 341, 109 F.2d 677.

\* \* \* \* \* \*

" \* \* \* We think that plaintiff's contributory negligence was for the jury, and so rule." (Emphasis supplied.)

In the instant case the able trial judge, long experienced in the law of the State of Missouri and the trial of cases in the federal courts, ruled likewise. We concur.

Affirmed.