## FRYE v. LYON.

(Court of Appeals of District of Columbia. Submitted December 6, 1923. Decided June 2, 1924. Rehearing Denied June 14, 1924.)

No. 3961.

1. Action ⬛➡59—Judgment in separate replevin actions, by parties to conditional sale of automobile and acceptance of another automobile as part payment, should be for same party.

Where buyer's old automobile was accepted as part payment in a transaction involving a conditional sale of a new automobile, and buyer refused to pay purchase-money notes, claiming a rescission, and each party brought replevin against the other to recover back his automobile, and actions were consolidated for trial, *held*, that judgment in both actions should be for the same party.

2. New trial ⬛➡66—Refusal to grant new trial, on ground that verdict was contrary to proper instruction, held error.

Where court correctly instructed jury that verdict in both of two cases consolidated for trial should be for same party, and jury returned a verdict in one case for one party and a verdict in the other case for the other party, refusal to grant a new trial was reversible error.

3. Appeal and error ⬛➡977(1)—New trial ⬛➡6—New trial ordinarily discretionary; exercise of discretion as to new trial not reviewable.

Ordinarily a motion for new trial is within court's discretion, and its exercise will not be reviewed.

Appeal from the Supreme Court of the District of Columbia.

Replevin by Noah H. Lyon against Kenneth L. Frye, trading as the Kline Car Sales Company. From a judgment for plaintiff, and from an order overruling a motion for a new trial, defendant appeals. Reversed and case remanded for new trial.

H. S. Barger, of Washington, D. C., for appellant.

Dan Thew Wright and Philip Ershler, both of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. The material facts are as follows: Appellant, Frye, defendant below, is a dealer in automobiles, handling the Kline car. The appellee, Lyon, owned a used Kline car, hereinafter referred to as the old car. In October, 1921, they made a trade, as a result of which Lyon received from Frye a Kline car, hereinafter called the new car, the agreed price of which was $2,200. In payment therefor he delivered to Frye the old car and his 12 notes, for $100 each, payable in from 1 to 12 months after date. At the same time he executed and delivered to Frye a conditional bill of sale, covering the new car, under the terms of which it was agreed that he would pay the notes punctually as they fell due, and that the title to the new car should remain in Frye until the notes, with interest, were paid. The first of such notes matured November 10th following, and was paid by Lyon. At the time the second note matured, December 10, 1921, Lyon in writing notified Frye as follows:

⬛➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"I have discovered that the Kline car which you undertook to sell me on or about October 21, 1921, was not a 1922 car, as represented, and was not a new car, as represented. I therefore rescind the contract of sale upon the ground of fraud, tender to you the Kline car, and demand the return of my Kline car, which was taken in part payment, and the amount of money which I have paid; that is to say, $100."

Frye refused to allow or accept such recission. Lyon paid no more upon the notes, and on December 30, 1921, Frye replevied the new car of Lyon. On January 5, 1922, Lyon replevied the old car from Frye. Both these cases duly came on for trial in the court below, and by agreement of the parties were tried together before a jury. After the close of the evidence on both sides, the court gave a charge to the jury to which no exception was taken by either party.

[1] The controlling questions of fact in the suit of Lyon v. Frye were whether the latter had made such misrepresentations as to the new car as vested in Lyon a right to rescind, and, if so, whether he had taken the steps necessary to rescission. On these questions the jury was fully instructed. As to the suit of Frye v. Lyon there was no question as to Frye's right to replevin the new car, provided he was not guilty of misrepresentations as claimed by Lyon. The jury were correctly instructed on that issue, and were also instructed that, if Frye had made the misrepresentations claimed by Lyon, the former could not maintain his replevin suit unless he first tendered to Lyon the old car. But it must be noted in this connection that there was no evidence tending to show, and no claim was made, that such a tender was made by Frye to Lyon.

Near the close of the charge the court said to the jury:

"In conclusion, there are two suits, as you will, of course, understand, one brought by Frye against Lyon, which involves the new car, if I may so describe it, and the other brought by Lyon against Frye, involving the old car. Now, if you find that Frye has made out his right to retake the car that he sold to Lyon, then you should bring in your verdict in his favor, with nominal damages in both cases. As I understand it, and counsel will correct me if I am wrong, these two cases will stand or fall together. On the other hand, if you should find in favor of Lyon, namely, that he had the right to rescind his purchase of the car upon the ground of a misrepresentation, * * * then you will bring in your verdict for Lyon."

Counsel made no claim that this was not a correct statement as to the law, and the verdicts which must be returned, according as the jury found the facts to be, and, indeed, do not now so claim. Notwithstanding this, the jury returned a verdict in favor of Lyon in the suit brought by him, and in favor of Frye in the suit which he brought. In due time counsel for Frye filed a joint motion for a new trial in both cases. At the hearing thereof counsel for Lyon suggested that Frye could not complain of the verdict in his favor in the one case, whereupon counsel for Frye asked and was granted leave to withdraw said motion in the case of Frye v. Lyon and judgment in that case was thereupon entered in favor of Frye, to which no objection or exception was taken by Lyon.

Thereupon the motion for a new trial in the case of Lyon v. Frye was overruled by the court below, and judgment entered on the verdict there-

in, to which action exception was duly taken by Frye. The only question here is whether the court below should have granted the motion for a new trial in the case of Lyon v. Frye on the foregoing record.

It is quite apparent that the instructions to the jury that, if the verdict was in favor of Frye in one case, it must likewise be in his favor in the other, and that, if Lyon prevailed in one case he should also prevail in the other, were correct, because, if Frye, not having been guilty of the claimed misrepresentation, was entitled to replevin the new car on account of Lyon's failure to perform the terms of the conditional bill of sale, he would be entitled to retain the old car, as well as the $100 received in payment of the first note. On the other hand, if because of Frye's misrepresentation Lyon was entitled to and had exercised the right to rescind, Frye was not, as the court told the jury, entitled to replevin the new car, without first tendering to Lyon the old car.

[2] It is therefore plain that the jury disobeyed a sound and mandatory instruction of the court on a question of law; hence the issue for determination is: Will this court reverse the judgment of the court below, denying Frye's motion for a new trial in the case of Lyon v. Frye?

[3] Ordinarily a motion for a new trial in the court below is addressed to its discretion, and its exercise will not be reviewed here. Especially is this true when such motion is based upon the assumption that the verdict was not sustained by evidence. Whelan v. Welch, 269 Fed. 689, 50 App. D. C. 173. That is not the question here, however, because the motion for a new trial is founded upon the proposition that the verdict was contrary to law and to the instruction of the court, which is not claimed to be erroneous.

The entry of judgment on the verdict in the case of Frye v. Lyon established his right to replevin the new car without tendering the old car to Lyon, and, under the law and the charge of the court, it also settled, for the purposes of the trial below, that Frye was not guilty of the misrepresentations claimed, from which it followed as a matter of law that the verdict of the jury in Lyon's favor in the other case could not be sustained.

It is clear, therefore, that the court below was not called upon to exercise any discretion in deciding the motion for a new trial in the case of Lyon v. Frye, but that it was its mandatory duty to grant the same, refusal to do which was error reviewable here. Pugh v. Bluff City Excursion Co., 177 Fed. 399, 101 C. C. A. 403; Felton v. Spiro, 78 Fed. 576, 24 C. C. A. 321; Boudrot v. Cochrane Chemical Co. (C. C.) 110 Fed. 919; Railroad Co. v. Lowery, 74 Fed. 463, 20 C. C. A. 596. In this connection reference may be had to Mattox v. United States, 146 U. S. 140, 13 Sup. Ct. 50, 36 L. Ed. 917; Metropolitan R. R. Co. v. Moore, 121 U. S. 558, 7 Sup. Ct. 1334, 30 L. Ed. 1022; Billings v. Field, 36 App. D. C. 16; Washington R. & E. Co. v. Upperman, 47 App. D. C. 219.

The judgment below is therefore reversed, with costs, and the case remanded for a new trial.