18

United States Court of Appeals for the District of Columbia.

Argued March 10, 1942.

Decided April 6, 1942.

Samuel J. McWilliams, pro se.

Mr. Burton A. McGann, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

This is an appeal from a judgment of the District Court entered upon the verdict of a jury awarding $4,500 and $3,000, respectively, to Ruth Shepard, a minor, and George Shepard, her father, in an action to recover damages for personal injuries resulting from an automobile collision alleged to have been caused by the negligence of appellant. Appellant is a resident of the District of Columbia. Appellees are residents of Connecticut. The accident occurred in Plymouth, Massachusetts. Appellant was driving his own car. Appellee Ruth Shepard was a guest rider in a car driven by a resident of Plymouth. The collision occurred on North Russell Street at the intersection of a driveway from a public parking lot and that street. The car in which appellee was riding was proceeding west along North Russell Street, which at the point of collision is approximately 24 feet wide. The evidence as to how the accident happened is conflicting. That of the appellant is that he drove out of the parking lot in a northerly direction onto North Russell Street; that he stopped at the curb and looked in both directions; that he saw no cars approaching; that he then went forward in second gear at about 5 or 6 miles an hour; that when he was about 8 feet into the street the car in which appellee was riding came around a curve from the east traveling at about 35 or 40 miles an hour; that it veered slightly to the north, but did not slacken its speed; that the two cars collided, the car in which appellee was riding being thrown into a telephone pole on the north curb line of the street. Appellee's evidence was to the effect that the car in which she was riding proceeded about 15 miles an hour in a westerly direction along North Russell Street toward the intersection of the street and the parking lot driveway; that she was watching out and as she approached the intersection there was no car in view; that the collision occurred in the middle of

the intersection; and that she was thrown out of the car and taken away in an unconscious condition.

Another witness, who was on the street close to the point of collision, said: "I saw this big car [appellant's car] coming up South Russell Street, and turned through the Parking Space; I saw the Curtin car [the car in which appellee was riding] coming up North Russell Street, and in an instant they both came together. * * * As near as I can tell, one was coming up South Russell Street and the other was coming through the Parking Space, and came together about the middle of the intersection; he [appellant] hit her. I could see the Curtin car wave over and bang into the post; if the post wasn't there it would have tipped over."

Another witness testified that appellant's car was as nearly as he could judge traveling 10 or 12 miles an hour. Still another placed his speed at 5 or 6 miles an hour. Appellant's car struck the car in which appellee was riding at the rear left hand side.

■ The Massachusetts law requires the driver of a motor vehicle approaching an intersection to grant the right-of-way to a vehicle which has already entered an intersection, and also to grant the right-of-way to a vehicle entering from the right at approximately the same time. On this appeal, the question is whether the trial court erred in overruling appellant's motion for a directed verdict and in denying appellant's motion to set aside the verdict and judgment and enter judgment for the defendant. Judge Pine, who heard the case, denied the motions, on the ground that where, by reason of a conflict in the testimony, there is uncertainty as to the existence of negligence, the question is one to be settled by the jury. He thought there was such conflict. This is a correct statement of the law. On a motion for a directed verdict, if fair minded men may honestly draw different conclusions as to the existence or non-existence of the negligence charged, the question is not one of law for the court but of fact for the jury. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720. In this case there was an unquestioned conflict in the testimony. There was in addition the damaged condition of appellee's car caused by the impact. We agree with the trial judge that there was enough to take the case to the jury.

Boaze v. Windridge & Handy, 70 App.D.C. 24, 102 F.2d 628.

■ The refusal of the trial court to set aside the verdict was within the court's discretion. Frye v. Lyon, 55 App.D.C. 48, 299 F. 926. Ordinarily, the motion ought not to be granted except where the evidence is so one-sided as to leave no room for doubt, and where the evidence is conflicting, it is not error to deny the motion. Pinn v. Lawson, 63 App.D.C. 370, 72 F.2d 742.

Affirmed.