## SIMMONDS v. CAPITAL TRANSIT CO.

### No. 8783.

United States Court of Appeals
District of Columbia.

Decided Feb. 19, 1945.

Mr. Abraham Chaifetz, of Washington, D. C., with whom Mr. Dorsey K. Offutt, of Washington, D. C., was on the brief, for appellant.

Mr. H. W. Kelly, of Washington, D. C., with whom Mr. R. E. Lee Goff, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

MILLER, Associate Justice.

Appellant sued in the District Court to recover damages for injuries suffered when he was struck by one of appellee's streetcars. Appellee moved for a judgment under Rule 50(b) of the Federal Rules of Civil Procedure[1] and the trial judge granted the motion, notwithstanding the jury's verdict in favor of appellant.

The rule, applicable on this appeal, was stated in the Shewmaker case,[2] decided by this Court two months after judgment was entered by the trial court in the present case. It requires us, in deciding whether to uphold the verdict of the jury or the judgment of the Court, to balance the weight of the evidence against the judge's determination and in favor of the jury's determination; the question being, not whether there is sufficient evidence in the record to support the judge's findings and decision, but whether there is sufficient evidence, when construed most favorably for the party upon whom the onus of proof is imposed, from which a jury of reasonable men could properly have reached the verdict which was reached.

The rigor of the rule appears from the following language of a recent Supreme

---

[1] 28 U.S.C.A. following section 723c.
[2] Shewmaker v. Capital Transit Co., —— U.S.App., ——, 143 F.2d 142, and cases there cited.

Court decision: "The motion for judgment cannot be granted unless, as matter of law, the opponent of the movant *failed to make a case and, therefore, a verdict in movant's favor should have been directed.* The motion for a new trial may invoke the discretion of the court in so far as it is bottomed on the claim that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury."[3] [Italics supplied] The Supreme Court went on to say: "Should the trial judge enter judgment n. o. v. and, in the alternative, grant a new trial on any of the grounds assigned therefor, his disposition of the motion for a new trial would not ordinarily be reviewable, and only his action in entering judgment would be ground of appeal. If the judgment were reversed, the case, on remand, would be governed by the trial judge's award of a new trial."[4]

An examination of the record shows, as the trial judge noted in his memorandum opinion, evidence given by appellant to the effect that he was walking toward the center of the street within a crosswalk, where he was struck by appellee's streetcar. He testified, also, that no street traffic lights were in operation at the intersection where and when the accident happened; that no police officer was on duty, there, at the time; that the crossing was clear of traffic when he stepped from the curb; that, after taking several steps, he looked again to his left—the direction of approaching traffic—and saw a streetcar coming toward him, of the "streamliner" type, but some distance away; that he believed he had sufficient time to get across Connecticut Avenue to the streetcar loading platform and continued walking at a normal rate of speed; that he did not look again to his left toward the approaching car; that just as he stepped over the first rail of the streetcar track, he suddenly saw a big light and some enormous object in front of him; and after that he remembered nothing. There is no dispute that appellant was struck by appellee's car and that he was injured.

It is true there was conflicting and contradictory evidence and the trial judge was justified in concluding that the evidence preponderated against appellant's allegations and contentions. But that was not the test to be applied upon a motion for judgment n. o. v. Assuming the correctness of appellant's testimony, he, as a pedestrian, had the right of way[5] and appellee's motorman was, as a matter of law, upon notice that he had it;[6] as a consequence of which the motorman was under a duty to keep a lookout and to take proper steps to avoid an accident.[7] In other words, construing the evidence most favorably to appellant and giving to him the full effect of every legitimate inference therefrom—as the law requires—reasonable men might well differ in their conclusions, upon the evidence so considered. No more is required to sustain the verdict against a motion for judgment n. o. v. Inasmuch as there was no motion, in the alternative, for a new trial, it follows that the judgment below must be reversed.

Reversed.

[3] Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251, 61 S.Ct. 189, 194, 85 L. Ed. 147; see, also, Dickerson v. Franklin Nat. Ins. Co. of New York, 4 Cir., 130 F.2d 35, 37; Adams v. United States, 7 Cir., 116 F.2d 199, 202.

[4] Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 254, 61 S.Ct. 189, 196, 85 L.Ed. 147.

[5] Traffic and Motor Vehicle Regulations for the District of Columbia, Part I, Article III, Section 5.

[6] American Ice Co. v. Moorehead, 62 App.D.C. 206, 66 F.2d 792; Miller v. Clark, 71 App.D.C. 341, 109 F.2d 677; Steger v. Cameron, 71 App.D.C. 202, 109 F.2d 347.

[7] Washington-Virginia Railway Company v. Himelright, 42 App.D.C. 532, 542; Griffith v. Slaybaugh, 58 App.D.C. 237, 29 F.2d 437, 439: "Defendant was charged with knowledge that other persons have a right to use and cross the street. Anticipating as he must that the street would be so used by pedestrians, it was his duty to look, to see, and to know that pedestrians were not in his road. In this situation he is required to so operate his machine that persons rightfully in, or attempting to cross, the street shall not be injured. His failure to see plaintiffs in time to avoid injury is no excuse. Due care required him to see them."; Washington Railway & Electric Company v. Cullember, 39 App.D.C. 316, 324, and cases there cited.