**Marie C. LEE and Chester Lee, Appellants,**

v.

**SAFEWAY STORES, INC., a corporation,**
**Appellee.**

No. 3004.

Municipal Court of Appeals for the
District of Columbia.

Argued July 9, 1962.

Decided Sept. 18, 1962.

Josiah Lyman, Washington, D. C., for
appellants.

Francis C. O'Brien, Washington, D. C.,
with whom William T. Clague, Washington,
D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and
QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant Marie Lee brought this action
to recover damages resulting from injuries
she sustained while a customer in appellee's
store. Her husband sought to recover for
loss of consortium, services, and compan-
ionship. This appeal is from an order of
the trial court setting aside a verdict for
appellants and granting appellee's motion
for judgment *non obstante veredicto*. We
must determine whether the evidence pre-
sented by appellants was sufficient to war-
rant an inference of negligence and the sub-
mission of the case to the jury in the ab-
sence of proof of a specific act of negligence
on the part of appellee.

In one of appellee's smaller self-service
food stores customers were furnished wire
shopping baskets which they could carry
while making their selections. The baskets
were stacked one inside the other near the
front of the store by store employees and
the customers themselves. On the day in
question Mrs. Lee entered the store and
went to the shelves adjacent to the area
where the baskets were stacked. As she
bent over to take two cans from the bottom
shelf three or four baskets fell from a stack,
injuring her. She testified that she did not
know what caused the baskets to fall.
However, on cross-examination, she said
that on a previous occasion she had de-
scribed the accident as having resulted when
someone tried to get a basket while she was
bending over.

In the absence of a showing of
specific negligence appellants sought to rely
upon the doctrine of *res ipsa loquitur* by
urging that the baskets were always within
the control of appellee. The trial court re-
fused to so hold, and we must agree that the
evidence fails to support appellants' con-

tention. At most Mrs. Lee was able to show that she was injured when struck by several wire shopping baskets which appellee provided for customer use. Unlike Lehman v. Great Atlantic & Pacific Tea Company, D.C.Mun.App., 136 A.2d 397 (1957), the baskets were articles which customers ordinarily handled, and it is at least equally probable that another customer's negligence caused the injury. We are aware of the dangers which lie in too literal an interpretation of the requirement of "exclusive control," but there must be some insistence upon a rational basis for finding that it was more probable than not that appellee's conduct caused the injury.

Affirmed.