Frances PAYLOR and Sandy Paylor, Appellants,

v.

SAFEWAY STORES, INC., a body corporate, Appellee.

No. 3966.

District of Columbia Court of Appeals.

Argued Sept. 12, 1966.

Decided Jan. 6, 1967.

Joyce Capps, Washington, D.C., for appellants.

Allan C. Swingle, Washington, D.C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

This appeal stems from the action of the trial judge in directing a verdict in favor of Safeway Stores, Inc., at the close of appellants' evidence at the trial of a suit filed by appellants, Frances Paylor and her husband for damages for personal injuries and loss of consortium, respectively, resulting from Mrs. Paylor's fall in appellee's store. The trial judge ruled that appellants had failed to present sufficient evidence of any negligence by appellee in the maintenance and operation of its store to impose liability for damages for any injuries sustained.

Ordinarily questions of negligence or omission of reasonable care and whether

either was the proximate cause of injury are factual issues to be decided by the jury or other trier of fact, becoming questions of law, for determination by the court, only when but one reasonable inference may be drawn from undisputed evidence. On a defendant's motion for a directed verdict, the evidence must be construed most favorably to the plaintiff, who is entitled to every legitimate inference. If reasonable men could differ upon that evidence, the case should be submitted to the jury. Jackson v. Capital Transit Co., 69 App. D.C. 147, 148, 99 F.2d 380, 381 (1938), cert. denied, 306 U.S. 630, 59 S.Ct. 464, 83 L.Ed. 1032 (1939); Smith v. Safeway Stores, Inc., D.C.App., 206 A.2d 264, 265 (1965); Bradford v. Mutual Benefit Health & Accident Ass'n, D.C.Mun.App., 159 A.2d 870, 871 (1960). In applying these guidelines to the evidence produced by appellants, we must bear in mind that a storekeeper is not an insurer or guarantor of customers' safety but owes them only the duty to keep the premises in a reasonably safe condition. The mere happening of an accident does not impose liability or permit an inference of negligence. Brown v. Alabama Foods, Inc., D.C.App., 190 A.2d 257 (1963). The burden rests upon the injured customer to prove that the operator was negligent either in creating a dangerous condition or in allowing one to continue without correction and that this negligence was the proximate cause of the injuries.

Mrs. Paylor testified that on the day of her injury rain had fallen sporadically. Her husband drove her to the store between six and seven o'clock in the evening, letting her off at the door while he parked the car. It was raining at the time. After taking about ten steps inside the store from the entrance, Mrs. Paylor slipped and fell as she reached for a grocery cart. In their complaint and pretrial statement, appellants allege that appellee was negligent in failing to keep the floor in a reasonably safe condition—that the presence of water and wax on the floor created a slippery and dangerous surface. The only evidence produced on this point, however, was the testimony of Mrs. Paylor that after she fell she noted the floor was wet; that it felt like "wax" and "grits"; that her coat was wet. She did not report her fall to the manager at Safeway until two days later. Her husband corroborated that it had been raining, but he had not witnessed her fall. Appellants, the only witnesses at the trial, presented no other evidence on the issue of negligence.

■ To defeat appellee's motion for a directed verdict, there should have been some showing either that appellee knew the floor was wet and slippery and had failed to correct the condition, or that such a situation had existed a sufficient time so as to constitute constructive notice to appellee of its dangerous condition. Napier v. Safeway Stores, Inc., D.C.App., 215 A.2d 479, 480 (1965). There was no proof that rainwater had been tracked in by customers or had in fact accumulated to the point that it created a hazard or that the employees had either observed—or had opportunity to observe—such alleged dangerous situation and failed to correct it.[1] Photographs taken more than a year after the accident were of no assistance in depicting the condition of the floor at the time of the accident.

1. Appellants rely upon the case of Doctors' Hospital, Inc. v. Badgley, 81 U.S.App. D.C. 171, 156 F.2d 569 (1946), in which a jury verdict against the hospital was affirmed by a divided court. Evidence in that case was much more substantial than in the present appeal. Rainfall had been continuous throughout the day. There was evidence of people entering and leaving the lobby, which had been wiped with

a dry mop six hours before the accident. The court ruled that the evidence justified the inference, as a matter of reasonable probability, that the wet floor was at least a contributing cause to plaintiff's fall. In the instant case the evidence presented did not encompass sufficient facts from which an inference could be drawn as to the condition of the floor at the time Mrs. Paylor fell.

In our judgment the evidence presented by appellants, tested by the standard of whether, as a matter of law, reasonable men might differ as to whether appellee was negligent in the care of its premises and whether this omission of care was responsible for the injuries sustained by Mrs. Paylor, fell short of establishing *prima facie* liability on the part of appellee due to some negligent act. We hold the directed verdict for Safeway was justified and proper.

Affirmed.