283 A.2d 829 (1971)
In the Matter of D. S. A.
No. 5647.
District of Columbia Court of Appeals.
Argued October 13, 1971.
Decided November 19, 1971.
James W. Respess, Washington, D. C., appointed by this court, for appellant.
C. Francis Murphy, Corp. Counsel, Richard W. Barton and Earl A. Gershenow, Asst. Corp. Counsel, for appellee.
Before KELLY, FICKLING and YEAGLEY, Associate Judges.
*830 FICKLING, Associate Judge:
Appellant was found to have committed murder in the first degree[1] after a jury trial in the Juvenile Court. We hold that none of the points of error raised by him merits reversal and therefore affirm. We will comment briefly on two points: (1) the right to recall a witness and (2) whether the use of photographic identification was improper. At trial appellant neither testified nor presented evidence.
On July 11, 1970, at approximately 11:35 p.m., appellant and two companions were walking along the street when they saw Mr. Louis C. Brown, aged 72, walking ahead of them. They followed him to 56th Street, Northeast, where appellant grabbed the victim by the arm and threw him to the ground. Appellant and his companions then kicked Mr. Brown about the upper part of his body. When Frank Dozier then aged 13and two other young boys approached the scene, appellant and his companions ran and hid behind a building. Dozier, having observed the attack, asked Mr. Brown, who was not bleeding, if he wanted a taxicab. Mr. Brown replied that he did not, and Dozier and his companions left the scene. Appellant and one of his companions emerged and attacked Mr. Brown again, throwing him to the ground and kicking him. They took his wallet which contained $14, ran from the scene and caught up with the third boy, who had not participated in this second attack.
Two residents of the area saw the entire incident from their home and one of them called the police. An officer arrived on the scene about one minute after the attack and saw a trail of blood leading from the intersection to Mr. Brown. He was lying on the pavement, bleeding profusely from the nose and mouth. Mr. Brown was alive but unconscious, however, he was pronounced dead on arrival at the hospital. Both counsel stipulated that the cause of death was a brain contusion and severe head injuries. Neither of the two people who witnessed the incident from inside the house could identify anyone involved.
On the morning of July 12, 1970, police officers investigating the incident recovered three keys from a street gutter approximately fifty yards from where Mr. Brown had been found. Detective Richardson went to appellant's house, located one and one-half blocks from the scene of the attack, and found that one of the keys fitted the front door lock. The detective testified that he had interviewed Dozier, who told him that appellant was one of the boys who had beaten Mr. Brown. Dozier then identified appellant's photograph from five shown him by Detective Richardson. After examining the photographs, the trial judge admitted four of the five in evidence, over appellant's objection.
One of appellant's companions was called to testify for the government and, after giving conflicting versions, finally admitted that he had participated in the first attack with appellant.
Dozier initially testified that he did not know the boys who had attacked the victim, and that Detective Richardson told him that appellant had beaten Mr. Brown. Appellant's counsel moved to strike all of Dozier's testimony on the ground that the identification of appellant was based on hearsay. The trial judge did strike the hearsay, but refused to strike the remainder of his testimony relating to what Dozier had seen at the scene of the crime. Government counsel claimed surprise after Dozier's testimony that he did not know who had beaten Mr. Brown. Over the objections of appellant's counsel, the court permitted government counsel to treat Dozier as an adverse witness and to ask him leading questions. Subsequent to Dozier's initial testimony, government counsel spoke with him and, after an examination by the judge out of the presence of the jury, the judge permitted the government to recall Dozier. He repudiated his previous testimony and testified that appellant had beaten *831 Mr. Brown and that Detective Richardson had not influenced him to pick appellant's picture out of the photographs shown to him. He further testified that he had lied during his earlier testimony because he "was scared somebody might do something to me" if he identified appellant.
Appellant contends that it was reversible error for the trial judge to allow Dozier to be recalled and that a mistrial "should have been declared upon proper finding of surprise and a new trial began [sic]."[2] We disagree.
The matters of recalling witnesses and the scope of redirect examination rest within the sound judicial discretion of the trial judge and will not be reversed unless there is a clear showing of abuse of discretion. United States v. Manglona, 414 F.2d 642, 644 (9th Cir. 1969); Chapman v. United States, 346 F.2d 383, 388 (9th Cir.), cert. denied, 382 U.S. 909, 86 S.Ct. 249, 15 L.Ed.2d 161 (1965); Comins v. Scrivener, 214 F.2d 810, 814 (10th Cir. 1954); United States v. Klass, 166 F.2d 373, 376 (3d Cir. 1948).
Here, the trial judge examined Dozier, out of the presence of the jury, as to his reasons for changing his testimony and afforded appellant's counsel the opportunity to cross-examine Dozier before and after the jury returned. Moreover, appellant's counsel made no objection to the admission of Dozier's testimony on recall. On this record we find no abuse of discretion by the trial judge.
Appellant also argues that the photographs shown Dozier by Detective Richardson were insufficient in number and not physically representative of appellant and, therefore, Dozier's in-court identification of appellant was tainted. We do not agree.
The general standard for appellate courts to follow with respect to the use of photographs in connection with identification of suspects was set forth in Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968):
[W]e hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. * * *
However, here the trial court examined the photographs and found that they were not impermissibly suggestive. There is nothing in this record to indicate that this finding was clearly erroneous. In addition, the identification had an independent source. United States v. Wade, 388 U.S. 218, 240, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Clemons v. United States, 133 U.S.App.D. C. 27, 408 F.2d 1230 (1968), cert. denied, 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969). The record indicates that Dozier had known appellant for nearly two years and that the on-the-scene observation of appellant was based upon substantial opportunity for observation. He was able to give a detailed account of the attack and he also identified one of the other persons involved in the assault. Cf. United States v. Harris, U.S.App.D.C., 437 F. 2d 686 (1970). Thus, there was no substantial likelihood of misidentification.
We have carefully considered the other points raised by appellant and find them to be without merit.
Affirmed.
NOTES
[1] D.C.Code 1967, § 22-2401.
[2] Brief for Appellant at 11.