Marion D. RUML, Appellant,

v.

GIANT FOOD, INC., Appellee.

No. 6215.

District of Columbia Court of Appeals.

Submitted March 13, 1972.

Decided May 12, 1972.

Albert F. Beasley and J. Joseph Barse, Washington, D. C., on brief for appellant.

Gerald W. Farquhar and James F. Bromley, Washington, D. C., on brief for appellee.

Before HOOD, Chief Judge, and KELLY and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

Appealed is a judgment for the defendant based on a directed verdict granted after presentation of all evidence by the plaintiff. That evidence revealed that she was cut by flying glass when a single bottle fell near a stacked display of soft drink bottle cartons. In ruling on the motion, the trial court accurately related the relevant evidence describing the event:

" . . . [T]he plaintiff was standing in line awaiting to reach the checkout cashier, . . . and that while standing there she heard a pop behind her and felt a sting, and then discovered that her leg had been cut by a piece of glass from a falling [soft drink] bottle. There is no testimony that there was more than one bottle that fell. The plaintiff has testified that she turned around and a woman said something to her which she doesn't recall exactly. The inference was in her deposition that she said, 'I'm sorry,' or something of that sort, but the plaintiff emphatically says that she doesn't remember exactly what was said. . . . "

We affirm.

Although plaintiff also produced expert testimony respecting general use of such display stacks and their relative stability [1] and introduced photographs of

1. An important factor respecting this testimony is overlooked by appellant. Here only a single bottle fell and no evidence was produced that instability of the stack generally could cause a single bottle to become dislodged from a carton. More-

the stack in question,[2] the trial court correctly observed:

"The plaintiff's contention is that . . . the very location of these display . . . cases, and the nature of the display, and the construction of the display units might be considered by the jury on the question of the negligence of the defendant here; that by reason of the location and what not customers could brush up against this display and cause the cases to be knocked off; that the display units were not stable. Well, there is just not testimony to say that they are not stable. The testimony is that they are used constantly and universally . . . . The nearest we can come to it is that the front of them may not be as protected as perhaps they might be from the standpoint of the plaintiff in this case, but there is no showing that there was any defect physically in the way in which they are made, that they collapsed, or anything of that sort was the cause or could cause a bottle or a case to fall. The nearest we get to negligence here . . . is that by reason of the location of the display unit, and the fact that these . . . cases . . . were not better protected, that one could be knocked off by a customer brushing up against it. We don't know whether a customer brushed up against it or not. How is the jury going to decide how . . . this . . . bottle [got] on the floor? Where did it come from? What caused it to fall? There is just no testimony to support that—"

We hold that on the facts here revealed proof of negligence was not sufficient to permit jury consideration. *See* Bodenheimer v. National Food Stores, Inc., 255 N. C. 743, 122 S.E.2d 715 (1961); Johnson v. Safeway Stores, Inc., D.C.App., 265 A.2d 596 (1970). *See also* Rekart v. Safeway Stores, Inc., 81 N.M. 491, 468 P.2d 892 (1970) (no inference of negligence where it had not been shown that store had deviated from accepted display practices or that display was in messy condition). *See generally* Annot., 20 A.L.R.2d 95 (1951) (including later cases [3]). It might also be observed in this context that the mere happening of an accident does not impose liability or permit an inference of negligence. Paylor v. Safeway Stores, Inc., D.C.App., 225 A.2d 312 (1967); Brown v. Alabama Foods, Inc., D.C.App., 190 A.2d 257 (1963).

■ Moreover, the evidence lacks a showing of superior knowledge or exclusive control sufficient to permit use of the doctrine of res ipsa loquitur. Avis Rent-A-Car System, Inc. v. Standard Meat Co., D.C.App., 288 A.2d 243 (1972); Uberti v. District of Columbia, D.C.App., 215 A.2d 766 (1966); Lee v. Safeway Stores, Inc., D.C.Mun.App., 184 A.2d 212 (1962). *See* Restatement (Second) of Torts § 328D, comments f. and g. at 160–62 (1965). *See also* Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162 (1963) (res ipsa loquitur held inapplicable where whole cartons fell from display); Gonzales v. Shoprite Foods, Inc., 69 N.M. 95, 364 P.2d 352 (1961) (no showing of ex-

---

2. The photographs, according to a stipulation, "portray[ed] the display unit, its location and the stacking of the cartons of bottles [exclusive of cans], in all substantial respects the same as at the time plaintiff was injured . . . . " [Brief for Appellant at 4.]

3. Cases cited therein reaching a contrary result are based on more specific proof than revealed in this record.

over, there is no showing that the bottle came from a broken or defective carton. Indeed, the photographs revealed use of two types of cartons. In one, the bottles are held in place by a completely covering carton (save for the bottle top). In the other, the bottles stand in compartments covering at least the bottom half of the bottles.

clusive control in busy self-service market).

The directed verdict was properly entered.[4] The judgment is accordingly

Affirmed.

4. "In our judgment the evidence presented by [appellant], tested by the standard of whether, as a matter of law, reasonable men might differ as to whether appellee was negligent in the care of its premises [and displays] and whether this omission of care was responsible for the injuries sustained by [the appellant], fell short of establishing *prima facie* liability on the part of appellee due to some negligent act. We hold the directed verdict for [appellee] was justified and proper." Paylor v. Safeway Stores, Inc., D.C.App., 225 A.2d 312, 315 (1967).