Deloris E. WALDEN and Lessie L. Walden, Appellants,

v.

The WASHINGTON HOSPITAL CENTER, Appellee.

No. 6357.

District of Columbia Court of Appeals.

Argued April 19, 1973.

Decided May 15, 1973.

David Kayson, Kensington, Md., for appellants.

James P. Schaller, Washington, D. C., with whom John L. Laskey, Washington, D. C., was on the brief, for appellee.

Before KELLY, NEBEKER and PAIR, Associate Judges.

NEBEKER, Associate Judge:

The issue presented in this appeal is whether a directed verdict at the end of plaintiffs' case was proper where the evidence disclosed postsurgical application to Mrs. Walden of an unknown fluid on a part of the skin covered by the adhesive portion of the dressing, a burning sensation, a single initial protestation by Mrs. Walden, and a subsequent infectious reaction to part of the area of application. Appellants' theory at trial was that the doctrine of res ipsa loquitur applied to the case and hence it was unnecessary to prove more respecting the nature of the fluid,

negligent use and causation respecting application of the fluid and the injury. The trial judge correctly perceived that appellants' case fell short of that necessary to establish a prima facie case. We affirm.

For appellants to be correct in asserting the applicability of res ipsa loquitur it must appear that "the occurrence complained of ordinarily would *not* happen in the absence of negligence"[1] in using the instrumentality causing the injury. Porter v. Kavakos, D.C.App., 267 A.2d 353 (1970); Raza v. Sullivan, 139 U.S.App.D.C. 184, 432 F.2d 617 (1970); Smith v. Reitman, 128 U.S.App.D.C. 352, 389 F.2d 303 (1967); Brown v. Keaveny, 117 U.S.App.D.C. 117, 326 F.2d 660 (1963).

The infirmity in appellants' position is twofold. First, Mrs. Walden's proof fails to establish that the fluid, as distinguished from other substances used for the surgical procedure, including the adhesive itself, was the cause of injury. The jury would have been left without any means, save through speculation, to determine that that fluid caused the reaction. In this connection, we note that Mrs. Walden's testimony is somewhat unclear whether the reaction occurred over the entire area to which the fluid was applied. She described the area covered by the dressing as a vertical area of 8 to 10 inches. She testified that the liquid was applied "[e]verywhere that they put the tape" including below the incision. Yet the area of reaction did not, according to her testimony and the photographic exhibits, cover an area below the site of the incision.

Secondly, and somewhat connected with the issue of causation, Mrs. Walden failed to present any proof from which it could be concluded that the injury would not ordinarily have happened but for negligence. Even though the hospital did not have available on its records the name of the fluid, Mrs. Walden was hardly prevented, through discovery procedures, from ascertaining its identity or probable identity and any foreseeable risks or idiosyncratic characteristic connected with its use. *See* Porter v. Kavakos, *supra*, 267 A.2d at 355.

Mrs. Walden relies primarily on three cases which are factually distinguishable and thus of no persuasive force. In Hurt v. Súsnow, 192 P.2d 771 (Cal.App.1948), the presurgical use of identified silver nitrate to trace varicose veins was shown by medical testimony to have caused the burns and to have attendant risks when so used. In Orthopedic Clinic v. Hanson, 415 P.2d 991 (Okl.1966), the burn was shown, with reasonable certainty, to have resulted from a known malfunctioning electric shock therapy machine. Thus, expert medical testimony was not required.

Becker v. Eisenstodt, 60 N.J.Super. 240, 158 A.2d 706 (1960), on which appellants also rely, contained proof that a solution, which produced a caustic reaction, was taken from one of two nearby bottles. The defendant physician asserted that he used a harmless solution of cocaine as a local anesthetic. Plaintiff also showed that the cocaine solution was harmless. The court concluded that lay jurors can appreciate negligence in the use of a caustic without medical standard evidence. The instant case is in no way the same. All this record reveals is an infectious reaction and a belief or speculation by Mrs. Walden that the fluid caused the reaction and a further assumption that the fluid was negligently used. Such proof was insufficient and the trial judge correctly directed verdict for the hospital.

Affirmed.

---

1. Quick v. Thurston, 110 U.S.App.D.C. 169, 172, 290 F.2d 360, 363 (1961) (emphasis in original).

evidence, and final conviction is not a pre-requisite to revocation of prior suspensions.