The GREATER SOUTHEAST COMMUNITY HOSPITAL FOUNDATION, INC., a District of Columbia Corporation, owners and operators of the Morris Cafritz Memorial Hospital, and Ellida Blauvelt, Appellants,

v.

Joe R. WALKER, Appellee.

No. 7340.

District of Columbia Court of Appeals.

Argued Sept. 20, 1973.

Decided Dec. 28, 1973.

Patrick J. Attridge, Washington, D. C., for appellants.

Benedict F. Fitzgerald, Jr., Washington, D. C., for appellee.

Before KERN, GALLAGHER and PAIR, Associate Judges.

PER CURIAM:

This is an appeal from a judgment of $2,000 entered after a jury trial in favor of appellee who alleged that he had received a burn at appellant hospital while receiving physical therapy consisting of the application by appellant Blauvelt of steam packs to his shoulder and back.

At the conclusion of the evidence the trial court conferred with counsel concerning the instructions it should give to the jury, including an instruction on *res ipsa loquitur*. Although appellants' counsel asserted that whether an agency or instrumentality under the exclusive control of appellants caused the burn was upon all the evidence adduced an issue for the jury, the trial court nevertheless determined to give the jury that particular instruction on *res ipsa loquitur* appropriate only to the case where it is conceded that the cause of the accident is by an agency under exclusive control of the defendants. *See*, Instruction No. 63, Standardized Jury Instructions for the District of Columbia, 49 (Rev. ed. 1968).

The record supports appellants' contention that the cause of the burn was in dispute. Appellee testified that a steam pack, which could burn a patient if not used properly, was placed on his right shoulder and allowed to remain there beyond the time set for such treatment because the physical therapist Blauvelt absented herself from the place of treatment contrary to her prior practice in treating him. He was unable to move the steam pack or himself and, either one or two days later, he found a "big red blister a little bit larger than a silver dollar" on his shoulder. He had done nothing to his shoulder between his treatment at the hospital and his discovery of the burn.

On the other hand, the doctor who had treated appellee for his burn neither was asked nor did he testify as to the cause of that burn. Appellant Blauvelt in her testimony denied that she had left appellee under the steam pack after the time for his treatment had ended, and she had observed no redness of skin when appellee's therapy terminated on the day in question. According to her, appellee could move his arm and shoulder. Appellee's deposition, taken shortly after the injury occurred, was presented to the jury to impeach his testimony and differed from his testimony concerning whether he moved the steam pack when the time clock rang and the therapist failed to appear.

Given this state of the record, the trial court should have employed that *res ipsa loquitur* charge (Instruction No. 62, Standardized Jury Instructions for the District of Columbia, 48 (Rev. ed. 1968)) which requires the jury first to find that the burn was caused by an instrumentality under the control of the defendant before it might infer negligence from "the mere happening of the accident." *See* Washington Sheraton Corp. v. Keeter, D.C.App., 239 A.2d 620, 622 (1968); Walden v. Washington Hospital Center, D.C.App., 304 A.2d 645, 646 (1973). Since appellant preserved their rights by objection both before and after the incorrect instruction was given and since we cannot say under the circumstances here that they were not prejudiced before the jury by the erroneous use of this particular charge, *see* Washington Sheraton Corp. v. Keeter, *supra*, 239 A.2d at 622, we have no alternative but to reverse the judgment and remand for a new trial.

So ordered.