Octavia C. JONES, Appellant,

v.

SAFEWAY STORES, INC., Appellee.

No. 6812.

District of Columbia Court of Appeals.

Argued March 13, 1973.

Decided Jan. 28, 1974.

Wiley A. Branton, Washington, D. C., for appellant.

William H. Seckinger, Washington, D. C., with whom Edward J. Lopata, Washington, D. C., was on the brief, for appellee.

Before REILLY, Chief Judge, and KERN and PAIR, Associate Judges.

REILLY, Chief Judge:

This is an appeal from an order granting defendant Safeway Stores' motion for a

judgment notwithstanding the verdict, after a jury had awarded damages in the amount of $7,500 in favor of the plaintiff for injuries sustained while a customer in defendant's store. Also challenged is the denial of plaintiff's motion for a new trial.

The evidence shows that on April 22, 1968, Mrs. Jones (plaintiff below and appellant here), upon passing through the turnstile and preparing to enter the lower shopping area of the International Safeway Store, was struck upon the head and various other parts of the body by a shower of small jars, cans, and packages from the balcony above, used during the Christmas season as a gift wrapping area. The space adjacent to the guardrail of such balcony is used primarily as a walkway for patrons who have completed their purchases, and are leaving the upper shopping level to descend an open stairway. The plaintiff testified, however, that she failed to look up to see where the items which hit her had come from—a matter of some significance in view of the fact that no other witness, who could establish by visual observation the cause of the accident, was produced.

A friend and neighbor, one Mrs. Jenkins, called by the plaintiff, testified that she was in the store one or two days prior to the accident and observed cartons stored on the balcony next to the guardrail a foot or two above the height of the railing. No evidence was elicited, however, as to the contents of the merchandise in these cartons, and no causal connection was shown between these items and the ones which struck the plaintiff. Prior to the close of the plaintiff's case-in-chief, counsel attempted to recall Mrs. Jenkins to give a more detailed description of the goods she observed but, following an objection by the defense, the court refused to allow such recall.

■■■■ Plaintiff first contends that it was error for the court to grant the motion for judgment notwithstanding the verdict. We disagree. "The mere happening

of an accident does not impose liability or permit an inference of negligence." Paylor v. Safeway Stores, Inc., D.C.App., 225 A.2d 312, 314 (1967), quoting from Brown v. Alabama Foods, Inc., D.C.App., 190 A. 2d 257 (1963). Rather, the burden is on the plaintiff to establish (1) a standard of care, and (2) that a violation of that standard was the proximate cause of her injuries. That burden was not met. The only evidence of negligence is that two days prior to the accident a number of cartons, contents unknown, were stacked on the balcony above the location where the plaintiff was standing. Whether in fact the commodities in those boxes were the ones which struck Mrs. Jones is not known. Indeed, the jars and cans could just as likely have been dropped from the package of a customer walking beside the guardrail. Further, assuming arguendo, that the items stored next to the railing were the ones causing plaintiff's injury, there is no showing that careless stacking by defendant's employees caused these objects to fall. A deliberate push by a mischievous individual could have produced the same result.

The record in this case does not differ markedly from that before us in Ruml v. Giant Food, Inc., D.C.App., 290 A.2d 571 (1972). There, a directed verdict for the defendant in an action by a customer against the store for an injury sustained was upheld, when the evidence showed that the plaintiff was cut by flying glass when a single bottle fell near a stacked display of soft drink bottle cartons. This court observed that there was no showing as to how the bottle got on the floor, where it came from, or what caused it to fall. Accordingly, even though there was evidence that items of the kind which caused the injury were stacked near the place where the plaintiff was hurt, such testimony was held insufficient to permit jury consideration.

It is urged that plaintiff be given the benefit of all logical inferences, leaving the question of negligence for the jury. The jury, however, may not be allowed to engage in idle speculation. "Speculation is

not the province of a jury, for the courts of this jurisdiction have emphasized the distinction between the logical deduction and mere conjecture." (Citations omitted.) Kincheloe v. Safeway Stores, Inc., D.C. App., 285 A.2d 699, 701 (1972).

■ Alternatively, plaintiff suggests the applicability of the doctrine of *res ipsa loquitur*. It is well settled that this doctrine does not come into play in cases where the cause of the accident is unknown and the instrumentality of the injury was not shown to be under the exclusive control of the defendant. *See* Ruml v. Giant Food, Inc., *supra;* Avis Rent-a-Car-System, Inc. v. Standard Meat Co., D.C.App., 288 A.2d 243 (1972); Lee v. Safeway Stores, Inc., D.C. Mun.App., 184 A.2d 212 (1962).

■ Finally, plaintiff argues that the court erred in not allowing her motion for a new trial following the granting of the judgment notwithstanding the verdict. Specifically, this assertion is directed at the court's refusal to permit the recall of Mrs. Jenkins as a witness to testify as to a more detailed description of the goods which she saw stacked on the balcony of the Safeway store a day or two prior to the incident. Even assuming the stated ground for such ruling was questionable, *cf.* In re D.S.A., D.C.App., 283 A.2d 829, 831 (1971), we do not find it to be prejudicial error. The proffer was to the effect that the witness would describe the merchandise she had seen as consisting of assorted sizes of gift packages, wrapped in vinyl, with various size jars and cans. Even if such testimony had been accepted, there would still have been no link between those items and the ones which struck Mrs. Jones, as numerous shelves of supermarkets are replete with jars and cans. Absent any kind of detailed description by plaintiff of the merchandise in question, such testimony by itself would have added little to the advancement of plaintiff's cause, for the record would have remained barren of any causal connection between the stacking of the boxes and Mrs. Jones' resultant injury.

We therefore find the judgment notwithstanding the verdict was properly entered and the motion for a new trial correctly denied.

Affirmed.

PAIR, Associate Judge (dissenting):

The decision of the majority is, in my opinion, contrary to the law in this jurisdiction.[1] Viewing the record in the light most favorable to the appellant as we are required to do,[2] there appears substantial evidence from which the jury could have found, as it did, that appellee was negligent in the maintenance of its store and that the injuries complained of were the natural and probable consequences of such negligence.

The trial court was, during the trial, apparently of the same view as indicated by a verbal exchange between the court and appellee's counsel in disposing of the motion for a directed verdict at the close of appellant's case.

THE COURT: . . . [T]he truth is, it seems to me that the proof that the goods were stacked above the level of the railing two or three days before this happened, and the goods or cases, if there were cases, if they stacked that much and that high, it seems to me you could fairly infer that they would be stacked there a couple of days later. . . . [I]f it was never there, you can put somebody on the stand, and then it becomes a question of fact. But, right now I think you could fairly infer that either a customer or somebody with one of those carriage carts or something of

1. *See* Simmonds v. Capital Transit Co., 79 U.S.App.D.C. 371, 147 F.2d 570 (1945); McWilliams v. Shepard, 75 U.S.App.D.C. 334, 127 F.2d 18 (1942).

2. Shewmaker v. Capital Transit Co., 79 U.S. App.D.C. 102, 143 F.2d 142 (1944); Dixon v. District of Columbia, D.C.Mun.App., 168 A.2d 905 (1961).

that sort bumped into this stuff and it was packed so high that some of it that was loose came tumbling down. I'm surprised that so much of it fell in one spot and she was hit six or eight times by jars, cans, and packages, which I guess could happen if they had a waste basket full of stuff up there or something. But it doesn't sound to me like a case of canned goods, as described in the complaint, with that much variety; and I'm rather surprised she wasn't hit by the box or container that all this stuff was in. I can't reconstruct the accident perfectly, but I think she's got enough to go to the jury on.

DEFENSE COUNSEL: Your Honor, the only evidence that we have in the record right now is Mrs. Jenkins said there were cartons stacked up there. Now, the plaintiff in this case doesn't make mention of any carton falling down, nor does she make mention of any carton on the floor.

THE COURT: She said she was dazed. She made some kind of a remark about there were little people crawling around on the floor, and I took it from that that she got hit in the head hard enough so what she knows about what took place in the next 10, or 30, or 60, or 120 seconds is not particularly reliable.

.     .     .     .     .     .

THE COURT: . . . But I guess if you get hit in the back of the neck hard enough, you might see three or four midgets. I don't know.

.     .     .     .     .     .

THE COURT: Well, I don't know whether the carton fell over the rail and over the balcony, or whether the carton was just tipped over and the stuff that was in the carton, or in two or three cartons, fell over the rail. I don't know what, if anything, fell over the rail. That's for the jury to decide.

.     .     .     .     .     .

THE COURT: I think it would be perfectly feasible for the jury to find

that the stack was loose on a balcony, up above the level of the rail of the balcony, so that any kind of a shove or push that would cause them to move a few inches, would cause them to tumble down a whole flight or flight and a half, which would constitute a violation of the duty of the store to its customers. I have no problems with that.

.     .     .     .     .     .

THE COURT: I think the jury can fairly infer that what fell was either in the cartons or stacked up above the rail. . . . But I think he's got enough facts here to put the jury to proof, and I will so rule. I'll overrule your motion for a directed verdict.

The motion for a directed verdict was renewed at the close of all the evidence and denied for "the same reasons."

The court then instructed the jury in such careful detail as to require some 35 pages of the reporters transcript which in pertinent part read:

.     .     .     .     .     .

THE COURT: . . . The woman says she was showered with cans. The problem is, were these cans under the control of the defendant at the time they showered down, if they did? . . .
. . . [T]he act of negligence with which you've got to deal which is alleged here is the stacking and placement of goods sufficiently high above the guardrail so they could slip through the guardrail or something, depending upon how you find the facts, that would constitute a negligent treatment of the persons who were using the area below as customers. If you find that to be the fact or the case by the preponderance, then you should find for the plaintiff. If you do not, you should find for the defendant.

Strangely enough, following the return of the jury's verdict for appellant, the court entered judgment n.o.v. for appellee, saying in a "Minute Entry":

In this case, the plaintiff, a customer of International Safeway, was shopping

on the lower level of the store when she was subjected to a "shower" of small cans and jars, causing her injury. Above her was a balcony; but she did not look up to determine its condition at the time of or after her injury. . . .

The total of corroborative evidence seems to be that some two days previously a number of cartons were stacked on the balcony above the location of the plaintiff; the height of these cartons was a foot or two above the height of the guard rail on the balcony, which itself was approximately four feet high. . . .

While the case was submitted to a jury, which returned a verdict in favor of the plaintiff, it is the view of the court that the case falls within the doctrine recently set forth by the District of Columbia Court of Appeals in Ruml v. Giant Food, [D.C.App., 290 A.2d 571 (1972)], and the cases cited therein; and the motion for judgment notwithstanding the verdict is granted.

From the portions of the record quoted above, it appears almost too clear for extended discussion that questions appropriate for jury determination were presented. Certainly that was the view of the trial judge because he repeatedly said so.[3]

Under such circumstances, the court pointed out in Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 103, 143 F.2d 142, 143 (1944):

[T]he appellate court is required to balance the weight of the evidence against the judge's determination and in favor of the jury's determination. The question is, not whether there is sufficient evidence in the record to support the findings and decision of the judge, but whether there is evidence upon which reasonable men might differ as to negligence and other elements of liability; whether a jury of reasonable men could properly reach a verdict in favor of the party upon whom the *onus* of proof is imposed.

To the same effect is Simmonds v. Capital Transit Co., 79 U.S.App.D.C. 371, 372, 147 F.2d 570, 571 (1945), where the court said:

In other words, construing the evidence most favorably to appellant and giving to him the full effect of every legitimate inference therefrom—as the law requires—reasonable men might well differ in their conclusions, upon the evidence so considered. No more is required to sustain the verdict against a motion for judgment n.o.v. . . .

Ruml v. Giant Food, Inc., D.C.App., 290 A.2d 571 (1972), is distinguishable on its facts. In that case the evidence was that the plaintiff, a patron of the defendant's store, was cut by flying glass when a single soft drink bottle which either fell from a display case of soft drink cartons or was dropped by another patron. The trial court directed a verdict for the defendant store at the end of the plaintiff's case. This court affirmed holding that evidence that the bottle fell to the floor was insufficient to present a jury question as to the negligence alleged and that, absent a showing of superior knowledge or exclusive control of the bottle which fell, the doctrine of res ipsa loquitur did not apply.

Demonstrated by the record in the case at bar are disputed questions of fact re-

---

3. In ruling on the motion for a directed verdict, the court said:

I think the jury can fairly infer that what fell was either in the cartons or stacked up above the rail. . . .

But, more than this, the court instructed the jury that:

. . . [T]he act of negligence with which you've got to deal which is alleged here is the stacking and placement of goods sufficiently high above the guardrail so they could slip through the guardrail or something, depending upon how you find the facts, that would constitute a negligent treatment of the persons who were using the area below as customers. If you find that to be the fact or the case by the preponderance, then you should find for the plaintiff. If you do not, you should find for the defendant.

specting the existence of the condition on the balcony complained of by the appellant. Because such questions were appropriate for jury determination, what the trial court did—which it should not have done—was to substitute its judgment for that of the jury. Simmonds v. Capital Transit Co., *supra*. *See also* McWilliams v. Shepard, 75 U.S.App.D.C. 334, 127 F.2d 18 (1942).

Although appellant did not properly preserve her request for an instruction on the effect of the doctrine of *res ipsa loquitur*, and the issue of the doctrine's effect is not properly before this court, the majority chooses to hold that the doctrine is inapplicable in this factual setting. This is contrary to settled precedent, *see* Greater Southeast Community Hospital Foundation v. Walker, D.C.App., 313 A.2d 105 (1973),[4] and should not be understood to signify the demise of that doctrine in this jurisdiction.

Thus, on reason and authority, the judgment n. o. v. should be vacated, the original verdict reinstated, and judgment entered thereon for the appellant.

---

4. *See also* Instruction No. 62, Standardized Jury Instructions for the District of Columbia, 48 (Rev. ed. 1968).