517 F.2d 174
 170 U.S.App.D.C. 360
 Myrna R. LOGSDON, mother and Administratrix of the Estate of
her son Mark F. Logsdon, Deceased, Individually
and as wife of Hugh E. Logsdon, Appellant,
v.
Joel P. BAKER et al.
 No. 74-1014.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Feb. 19, 1975.
Decided Aug. 7, 1975.
 
 Thomas B. Lawrence, Washington, D. C., for appellant.
 Anthony E. Grimaldi, Washington, D. C., for appellees.
 Before BASTIAN,* Senior Circuit Judge, and LEVENTHAL and ROBINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mark Logsdon was killed when his motorcycle collided with a truck owned by the defendants. Plaintiff did not put the truck driver on the stand during the trial, and there were no other eyewitnesses to the accident. Believing that the evidence was insufficient to allow an expert to formulate an opinion as to the causes of the mishap, the district judge rejected plaintiff's proffer of expert testimony, and directed a verdict for defendants.**
 
 
 2
 On review, we must consider the evidence in the strongest light favoring the plaintiff just as the district court was called to do originally. See Continental Ore Co. v. Union Carbide Corp., 370 U.S. 690, 696, 82 S.Ct. 1404, 8 L.Ed.2d 777 (1962); Simmonds v. Capital Transit Co., 79 U.S.App.D.C. 371, 147 F.2d 570 (1945); 5A J. Moore, Federal Practice P 50.02(1) at 2325-2329 (1974).
 
 
 3
 Reviewing the evidence, it appears that there was testimony establishing where the cycle and the body of its rider came to rest. Both the postman who arrived at the scene shortly after the accident and one of the residents of the neighborhood testified in some detail as to the location of each of the vehicles.
 
 
 4
 Plaintiff's expert evaluated these facts and sought to draw conclusions as to the speed of the vehicles and the ability of defendant's truck to accelerate to the suggested speed after stopping at the sign governing the controlled street, Tennyson.
 
 
 5
 There is some indication that the expert also relied on "brake marks" purportedly evident in photographs taken at the scene. Neither the district judge nor we can discern the marks in the photos. Even if they had been present, only a rather attenuated assumption could link the "brake marks" with this particular truck. If the expert relied on the "brake marks" to formulate his conclusion, we would agree that the opinion produced would be too speculative to go to the jury. But from the record, we cannot discern whether it was necessary for the expert to rely on the "brake marks" to formulate his opinion.
 
 
 6
 An expert can give his opinion on the basis of hypothetical facts, but those facts must be established by independent evidence properly introduced. If this expert could have reasonably formulated an opinion regarding causation without relying on either the existence or absence of " brake marks" then the issue should have been submitted to the jury, and a new trial should be ordered. If the district judge concludes, giving all appropriate consideration to plaintiff's right to go to the jury if he made out a prima facie case, that the evidence was insufficient to lay a foundation for the expert's opinion the verdict can be reinstated. Without proof of causation there can be no liability. See MacMaugh v. Baldwin, 99 U.S.App.D.C. 247, 239 F.2d 67 (1956); Reece v. Capital Transit Co., 97 U.S.App.D.C. 274, 230 F.2d 824 (1956).
 
 
 7
 The judgment of the district court is vacated, and the case remanded for further proceedings to clarify the basis of the expert's opinion.
 
 
 8
 So ordered.
 
 
 
 *
 Senior Circuit Judge Bastian participated in the consideration of this case but died before the judgment or memorandum was prepared
 
 
 **
 366 F.Supp. 332 (D.C.1973)