Steven B. GERSHMAN, Appellant

v.

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY,
Appellee.

No. 05–7176.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 28, 2006.

Steven B. Gershman, Upper Marlboro, MD, pro se.

Frederic H. Schuster, Washington Metro Area Transit Authority, (WMATA) Office of the General Counsel, Washington, DC, for Appellee.

BEFORE: SENTELLE, HENDERSON, and TATEL, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's Nov. 7, 2005 judgment be affirmed. The district court did not abuse its discretion by not allowing appellant to take a deposition on three days' notice when the testimony would have been cumulative. *See* Fed.R.Evid. 403. The district court also did not abuse its discretion by not admitting the police report into evidence, *see United States v. Smith,* 521 F.2d 957, 964–65 (D.C.Cir.1975), or by excluding an expert's testimony when the court determined the testimony would not assist the trier of fact. *See Joy v. Bell Helicopter Textron, Inc.,* 999 F.2d 549, 567 (D.C.Cir.1993). In addition, the district court did not abuse its discretion by denying appellant's motion to strike and his subsequent motion for a mistrial. *See id.*; *United States v. McLendon,* 378 F.3d 1109, 1112 (D.C.Cir.2004). Further, the district court did not abuse its discretion in allowing the jury to return a verdict on proximate cause without returning one on negligence, *see Hall v. General Motors Corp.,* 647 F.2d 175, 179 n. 10 (D.C.Cir. 1980); *Logsdon v. Baker,* 517 F.2d 174, 175 (D.C.Cir.1975), and there is no evidence to indicate that appellant did not receive a fair trial. *See Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.