## PINN v. LAWSON et al.
### No. 6137.

United States Court of Appeals for the District of Columbia.

Submitted April 6, 1934.

Decided Aug. 6, 1934.

Ernest C. Dickson, of Washington, D. C., for appellant.

Geo. A. Parker and B. L. Gaskins, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

An appeal from a judgment of the lower court in an action brought by appellant for damages because of an alleged libel.

The appellant, Rev. James L. Pinn, who was pastor of the First Colored Baptist Church, was plaintiff below and claimed damages from the defendants, Emma E. Lawson and Helen Martin, upon a charge that they had willfully, maliciously, and falsely composed and published a libelous statement concerning him by filing the same with the deacon board of the church and stating therein that the plaintiff had been guilty of conduct unbecoming a Christian and a Christian minister, inasmuch as he had received from the Dorcas Missionary Circle of the church the sum of $25 as a contribution to African missions to be delivered by him to the Lott Carey Baptist Foreign Mission Convention for that purpose, and that plaintiff had failed to deliver the same as agreed, but unlawfully and in violation of good conscience had appropriated and converted the same to his own personal use. Plaintiff alleged that the defendants' charges so made against him were false, and that the defendants had caused a copy of the same to be read by the deacon board of the church and also by the congregation and published in the Washington Tribune, a weekly newspaper of large circulation throughout the District of Columbia and elsewhere. The plaintiff furthermore charged that the defendant the Washington Tribune did willfully, maliciously, and falsely, and with the intent to injure the plaintiff in his good name, before the charges aforesaid were properly heard, publish a statement to the effect that the plaintiff had been a storm center of the First Baptist Church for the past several months; that he was accused by a Baltimore doctor of being unduly friendly with the doctor's wife; that

the Baltimore physician claims that divorce proceedings grew out of the intimate relations the plaintiff had with the doctor's wife; that the plaintiff had said in respect thereto: "I could have had any of the women of this church or their daughters."

Plaintiff denied that he at any time had made the statements attributed to him or had misappropriated the money as charged and published as aforesaid; and alleged that he had been greatly injured and disgraced in the community, and brought suit for damages in the sum of $20,000.

For their plea the defendants Emma E. Lawson and Helen Martin, who were members of the church and of the Dorcas Missionary Circle, admitted that they had signed the charges against plaintiff and delivered the same to the deacon board, and they alleged that the charges were true and that the plaintiff was tried and found guilty of said charges by the First Colored Baptist Church sitting as an ecclesiastical court for the purpose of hearing and adjudicating the charges.

The defendant Washington Tribune for its defense alleged that the charges were heard at a public meeting of the church and that the Tribune without malice and in good faith and with perfect fairness and correctness reported the same as a matter of public interest to the community; and that the plaintiff had consented to such publication.

The case was tried to a jury, which returned a verdict for the defendants, and judgment was entered accordingly. Whereupon the present appeal was taken.

The record does not contain the evidence heard at the trial. A bill of exceptions, however, is forwarded therewith which states in brief that testimony was offered at the trial in behalf of the plaintiff tending to prove that he was pastor of the First Colored Baptist Church of Georgetown and a professor of Howard University; that the defendants had signed the written charges against him accusing him of misappropriating $25 which had been given to him by the Dorcas Missionary Circle to be paid to the Lott Carey Baptist Foreign Mission Convention; that the plaintiff was cited by the deacon board of the church to appear and answer the charges, but plaintiff did not appear, because he contended that the board had no authority to hear such charges against him, as all such authority was vested in the church alone; that plaintiff was then cited by the church to appear and answer the charges, and plaintiff then appeared; that the defendant Trib-

une secured copies of the charges from the deacon board and published the same; that the plaintiff did not authorize the Tribune to publish the charges, and that these were private matters with which the public was not concerned; that the statement of the plaintiff concerning the women of the church had been made in a church meeting while discussing an accusation published in a Baltimore paper, and that plaintiff then said: "If I was the kind of a man they say I am, I would not have to go to Baltimore, I could use any women in this church or their daughters"; that the plaintiff did not misappropriate the $25, but was entitled to draw the same from the treasury for expenses.

The testimony offered by the defendants tended to prove the charges of misappropriation and an admission thereof by the plaintiff that plaintiff had given permission to the defendant Tribune to publish the items which he now complains of, and that these were published fairly and in good faith and as a matter of public interest alone.

In this court the appellant presents 12 assignments of error. The first three assignments are not properly before the court, inasmuch as they refer to the testimony introduced at the trial. The bill of exceptions does not contain the testimony, but merely recites that "there was testimony offered on behalf of the plaintiff tending to prove," and that "there was testimony offered on the part of the defendants tending to prove" the facts relied upon by the respective parties. Upon this statement alone the court cannot pass upon the weight of the evidence nor upon the competency of the testimony.

Assignments 4, 5, 6, 7, 8, 9, and 10 relate to the charge of the court. We need not discuss these in detail. The record sets out the charge in full, and we are satisfied that it was fair and correct. The court instructed the jury that it was the province of the jury to pass upon the questions of fact which were submitted to them in the case; that libel consisted of any publication in writing or print which imputes to a person a crime, or disgraceful, dishonest, or immoral conduct, or is otherwise injurious to the private character or credit of the person, and that one who publishes a writing of that nature is liable in damage, unless the same be justifiable matter which in law is termed privileged, or unless the statements so published be true. As to the charges filed with the deacon board of the church by Emma E. Lawson and Helen Martin, the court said that, if these parties had an honest be-

lief, and had probable cause to believe, that the plaintiff had misappropriated the money in the manner in which they charged, and if that was a reasonable belief—such a belief as an ordinary prudent and cautious person would fairly entertain upon the facts—then that would be a privileged communication and would not be libelous. On the other hand, if there was no reasonable ground for them to form such belief, nor probable cause to form such belief, and if the charge was made by reason of actual malice on their part, then the verdict of the jury should be in favor of the plaintiff. In such case, however, the burden of proof was upon defendants to prove the truth of the charges, and this they must prove by a fair preponderance of evidence. As to the charge against the Tribune, the court instructed the jury that, if the statements made in the publication were true and were fairly stated without malice, and if the jury was so convinced by a fair preponderance of evidence, they should find a verdict for the Tribune. And, furthermore, that, if the jury found that the plaintiff had consented to the publication of the article by the Tribune, then plaintiff could not recover against the Tribune; and, moreover, if the meeting of the board and church were carried on in a public manner, and if the matters therein discussed were legitimately before the board and church as the defendant Tribune contended, then and in such case the publication would be privileged. The court also instructed the jury correctly concerning compensatory damages and punitive damages and as to the different forms of verdicts which the jury might return in respect to the different parties in the case.

■ We have carefully examined the general charge of the court and find that the instructions requested by the respective parties in so far as they were granted were not erroneous or prejudicial, and that such requests as were rejected were covered in so far as correct in the general charge of the court. We find no error, therefore, in respect of the charge of the court or the court's rulings in granting or denying special requests of the parties. See Libel and Slander, 17 R. C. L. § 69, p. 325; Id. § 100, p. 353; Id. § 109, p. 361; Klos v. Zahorik, 113 Iowa, 161, 84 N. W. 1046, 53 L. R. A. 235.

■ In assignment No. 11 appellant complains that the court refused to send to the jury room after the jury had retired a book called "Hiscox Manual," relating to the procedure of the church. There was no prejudice in this ruling. There was no showing that any part of the manual was relevant to any question involved in the case, and, moreover, such a matter is within the sound discretion of the trial court.

■ The twelfth assignment of error relates to the overruling of plaintiff's motion for a new trial and in arrest of judgment. The refusal of the court to grant this motion was not error.

The judgment of the lower court is affirmed with costs.