Naomi M. AHERN, Appellant,

v.

G. Farrell WEBB, Appellee.

Daniel E. AHERN, Appellant,

v.

G. Farrell WEBB, Appellee.

Nos. 6006, 6007.

United States Court of Appeals Tenth Circuit.

June 19, 1959.

**46**

Albert O. Kiesow, Kansas City, Kan., and John W. Mitchell, Kansas City, Mo., for appellants.

Ernest H. Fremont, Jr., Kansas City, Mo. (Edward M. Boddington, Kansas City, Kan., and Sam Mandell, Kansas City, Mo., on the brief), for appellee.

Before BRATTON, Chief Judge, PICKETT, Circuit Judge, and KNOUS, District Judge.

KNOUS, District Judge.

In the District Court the appellant, Naomi M. Ahern, sued the appellee, a dentist, for damages allegedly resulting from his negligence in the extraction of certain of her teeth. The other appellant, Daniel E. Ahern, the husband of Naomi, filed therein a separate action against the appellee grounded on the aforesaid alleged negligence, seeking damages for expenses incurred for Naomi's medical care and hospital treatment, and for loss of consortium. These cases were consolidated and tried before a jury which returned verdicts in favor of the appellee. Judgments were entered in accordance with the verdicts and this appeal is taken therefrom.

■ The first point relied upon by appellants for reversal is stated as being the refusal "of the Court to admit into evidence photostatic copies" of hospital records of plaintiff while a patient in six different hospitals. (Exhibits 1, 2, 3, 4, 5, 6–AD).[1] Notwithstanding appellants' specification, the record clearly and unequivocally shows that records of all six hospitals *were* admitted in evidence with the sole limitation that such records were not to be used for statements of "other" doctors that might be mentioned in them.

As appears from the record, counsel for the appellants made no objection to the limitation when imposed and even offered Exhibit 3 subject thereto; nor did the appellants seek to have the ruling of the Court clarified so as to specify with particularity what portions of the Exhibits were excluded. Even more important, they do not tell this Court what the excluded evidence consisted of, its purpose or effect; nor do they make any attempt to show specifically why or how the limitation imposed prejudiced them. Our examination of the exhibits themselves sheds no light on the subject since there is nothing in the record to identify the "other" physicians whose statements were excluded.

■ As was said by the Supreme Court in Palmer v. Hoffman, 318 U.S. 109, at page 116, 63 S.Ct. 477, at page 482, 87 L.Ed. 645:

"He who seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted."

The harmless error statute, Title 28 U.S.C.A. § 2111 gives a similar admonition to appellate courts.

In Scritchfield v. Kennedy, 10 Cir., 103 F.2d 467, 474, our Court stated:

" * * * the former practice of holding an error reversible unless the opposite party can affirmatively demonstrate it was harmless being changed, the burden now is on the complaining party to show from the record as a whole the denial of some substantial right."

The appellants have failed to meet this requirement. Hence, no occasion arises herein for the abstract resolution of questions, discussed at some length in the briefs, relating to the admissibility in evidence of hospital records generally,

1. The appellee waived the identity of these exhibits at the pre-trial conference and again at the trial.

limitations on their contents specifically, and whether such should be adjudged herein under the law of Missouri, Kansas, or of the United States.

After it had retired for its deliberations, the jury asked to see the exhibits. The trial court denied this request. The appellants argue that the Court erred in so doing.

It is not clear from the record whether the refusal extended to all exhibits or only to the hospital records last under discussion.[2] In any event, whether exhibits should be sent to the jury room after the jury's retirement rests within the sound discretion of the trial court. Miller v. New York Central R. Co., 7 Cir., 239 F.2d 10; Pinn v. Lawson, 63 App.D.C. 370, 72 F.2d 742; Murray v. United States, 76 U.S.App.D.C. 179, 130 F.2d 442. This would be especially so where as here portions of exhibits in documentary form admitted in evidence had been excluded but had not been physically excised or deleted from the documents themselves. We are satisfied the trial court did not abuse its discretion in acting as it did.

The appellants further contend that the judgments should be reversed because of the refusal of the District Court to admit into evidence the medical report of Dr. John P. Carroll. The record shows that Dr. Carroll was called by the appellants as their witness. After inquiring as to his name, residence and profession, counsel for the appellants handed the witness the exhibit in question which consisted of a medical report in the form of a letter addressed to the appellant, Naomi M. Ahern, and asked if the signature attached thereto was that of the witness and whether the report was on the witness' letterhead, which questions were answered affirmatively. Thereupon, counsel offered the exhibit in evidence.

Objection was made on the grounds that the doctor was present in person and that his letter was not the best evidence and would be hearsay. The objection was sustained. Counsel for the appellants then proceeded to examine the doctor at length and in detail concerning the subject matter of the report.

The Court was right in denying the admission in evidence of this letter or report. Vicksburg & Meridian Railroad v. O'Brien, 119 U.S. 99, 7 S.Ct. 118, 30 L.Ed. 299.[3]

The appellants further argue, without citing any supporting precedents, that they were prejudiced by being required to enlarge upon the direct examination of a witness "known to be hostile to the appellants."

The appellants fail to point out anything in the record which would warrant the assumption that the witness was hostile to the appellants; nor have the appellants called our attention to any inconsistency between the statements of

---

2. All that appears in this connection in the record before us is a colloquy between the Court and counsel at the time of argument of motion for new trial.

3. Therein, apropos of a situation generally similar to this, the Supreme Court said (119 U.S. 102, 7 S.Ct. 120): "The present case does not require us to enter upon an examination of the numerous authorities upon this general subject; for it does not appear here, but that at the time the witness testified he had, without even looking at his written statement, a clear, distinct recollection of every essential fact stated in it. If he had such present recollection, there was no necessity whatever for reading that paper to the jury. Applying, then, to the case the most liberal rule announced in any of the authorities, the ruling by which the plaintiffs were allowed to read the physician's written statement to the jury as evidence, in itself, of the facts therein recited, was erroneous."

Later on in the opinion (119 U.S. at page 103, 7 S.Ct. 120), the Court observed:

" * * * The practice of admitting in evidence the unsworn statements of witnesses, prepared, in advance of trial, at the request of one party, and without the knowledge of the other party, should not be encouraged by further departures from the established rules of evidence."

the doctor in the proffered exhibit and his testimony while on the stand. This contention of the appellants must fail for the want of a premise.

The other points for reversal urged are either corollary to those we have disposed of, or are without merit. Accordingly, the judgments are affirmed.