Lee **TARNOFF** & Ilona **Tarnoff, Plaintiffs,**

v.

**WELLINGTON FINANCIAL CORP., Defendant.**

**Civ. A. No. 87–5397.**

United States District Court, E.D. Pennsylvania.

Oct. 13, 1988.

As Revised Oct. 28, 1988.

---

**152**

Steven Kapustin, Robert M. McKain, Boroff Harris & Heller, Plymouth Meeting, Pa., for Tarnoff.

Christopher E. Frantz, Gibbons Buckley Smith Palmer & Proud, Media, Pa., for Wellington Financial Corp.

## MEMORANDUM AND ORDER

KATZ, District Judge.

This case raises the issue of whether relevant telephone conversations that include a person's admissions, but which were recorded in violation of Pennsylvania's anti-wiretapping statute, are admissible at a federal trial of a case based on diversity jurisdiction.

Under the anti-wiretapping statute a person commits an unlawful interception if he "willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire or oral communication." 18 Pa.C.S.A. § 5703(1). "Intercept" is defined as the "[a]ural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical or other device." 18 Pa.C.S.A. § 5702. The tape recording of a telephone conversation by one party without the consent of the other is further prohibited under the statute. 18 Pa.C.S.A. § 5704(4). Finally, an "aggrieved person in any trial, hearing, or other adversary proceeding ... may move to suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom." 18 Pa.C.S.A. § 5721(a).

The reasoning in the closest analogous case, *Monarch Insurance Company of Ohio v. Spach*, 281 F.2d 401 (5th Cir.1960), persuades me that the recorded conversations are admissible. In *Monarch*, the court admitted the relevant statement of an insured in a diversity case, even though the applicable Florida statute would have excluded the statement because no copy was furnished to the speaker at the time of recording. In so holding, the appellate court reversed the decision of the district court to exclude the material, relevant and highly probative statement, and instead found that the factors cited in the *Erie* line of cases did not compel exclusion.

I exercise my discretion to admit the recordings. The *Monarch* court based its test on the premise that it was not shown "that operation of all of the Federal Rules substantially thwarts the Florida policy ..." underlying the relevant statute. Similarly, admitting the tapes in this case does not substantially thwart the policy underlying the Pennsylvania statute. In *Monarch*, the statement failed the *Erie* "outcome-determinative" test because the statement could have been admitted for impeachment purposes.[1]

The policy underlying the Pennsylvania anti-wiretapping statute can be vindicated by a criminal prosecution, if appropriate. Outside the presence of the jury, I warned the person who recorded the conversations of his Fifth Amendment rights. In addition, before he played the tapes to the jury I warned him of the risk of criminal prosecution. The tapes were admitted into evidence in this proceeding.

The value of uniform application of the Federal Rules of Evidence is a strong one.[2]

---

**1.** I make the same finding in the present case. Because the person whose statement was recorded without his consent testified at trial, the statement could have been admitted to impeach him.

**2.** This is not an issue under Rule 501 of the Federal Rules of Evidence dealing with privilege.

Furthermore, rules of evidence are traditionally considered procedural. While this issue is a novel one, and thus is not free from doubt, I believe the better course is to admit the evidence in this case.[3]

## ORDER

AND NOW, this 13th day of October, 1988, it is hereby ORDERED that the tape recordings at issue are admitted into evidence. Counsel shall file a joint designation with the Clerk of those portions of the tapes which were played for the jury.

---

**3.** The recording would be lawful under federal law. 18 U.S.C. § 2510 *et seq.*