Joseph J. MONTONE, Plaintiff,

v.

RADIO SHACK, A DIVISION OF TANDY CORPORATION, Defendant.

Civ. A. No. 86–1713.

United States District Court, E.D. Pennsylvania.

Oct. 25, 1988.

Hyman Laitz, Philadelphia, Pa., for plaintiff.

Robert M. Goldich, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

In this diversity case, plaintiff, a former sales manager at defendant's Lawrenceville, New Jersey store, alleges wrongful discharge and breach of contract arising out of the termination of his employment with the defendant. Plaintiff claims to have been fired because of his cooperation with state officials in a criminal investigation.

Presently before this court is defendant's motion in limine to exclude certain evidence from trial that the plaintiff allegedly obtained in violation of Pennsylvania's Wiretapping and Electronic Surveillance Control Act, 18 Pa.C.S.A. § 5703. The evidence at issue relates to a telephone conversation between plaintiff and plaintiff's former supervisor, Hank Boyer, that took place on December 3, 1985. Defendant contends that plaintiff placed the call to Mr. Boyer from a telephone in Pennsylvania and recorded the conversation without obtaining

Mr. Boyer's consent. According to both parties, the conversation includes a number of statements by Mr. Boyer relating his impressions concerning plaintiff's discharge.

Under the Pennsylvania Wiretapping statute, 18 Pa.C.S.A. § 5703, a person commits an unlawful interception, disclosure, or use of wire or oral communications if he

(1) willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept any wire or oral communication;

(2) willfully discloses or endeavors to disclose to any other person the contents of any wire or oral communication, or evidence derived therefrom, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication; or

(3) willfully uses or endeavors to use the contents of any wire or oral communications, or evidence derived therefrom, knowing or having reason to know, that the information was obtained through the interception of wire or oral communication.

Tape recording a telephone conversation without the consent of all parties violates the Act, even if the person making the recording is one of the participants in the conversation. *See Commonwealth v. Jung*, 366 Pa.Super. 438, 531 A.2d 498, 504 (1987) ("in the case of a private individual, it is the law of Pennsylvania under 18 Pa.C.S.A. § 5704(4) that *all* parties to the communication must consent to the interception") (emphasis in original); 18 Pa.C.S.A. § 5702 (defining "intercept" as "aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical or other device"). Thus, Pennsylvania has adopted more expansive protections under its wiretapping statute than those set forth in the federal

wiretapping statute, 18 U.S.C. § 2510, *et seq.*, which permits one party to a conversation to consent to its recording. *See* 18 U.S.C. § 2511(2)(d) ("It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire or oral communication where such person is a party to the communication. . . .").

The Pennsylvania wiretapping statute further provides that any person who is a victim of unlawful wiretapping may move, in an adversary proceeding before any court, to "suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom." 18 Pa.C.S.A. § 5721.

On the basis of these statutory provisions, the defendant maintains that the conversation recorded by plaintiff without Mr. Boyer's consent, as well as any additional evidence derived from the conversation, must be excluded from evidence. Plaintiff responds that Pennsylvania's statutory prohibition against unilateral wiretapping and its rule excluding evidence thereby obtained are not applicable to the present proceedings, because federal law, including congressional statutes and the Federal Rules of Evidence, and not state law, controls the admissibility of evidence in federal court.

### Discussion

■ In a diversity case, when a federal court finds that state evidentiary law (whether decisional or statutory) would exclude certain testimony whereas federal evidentiary law would admit it, the court must follow federal law unless one of the Federal Rules of Evidence expressly invokes state law. *See e.g., Hughes v. Hemingway Transport, Inc.*, 539 F.Supp. 130 (E.D.Pa.1982).[1] This doctrine accords with

---

1. Conceivably situations might arise in which a state exclusionary provision (whether decisional or statutory) might be deemed "substantive" for *Erie* purposes (*Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). *See C. Wright and A. Miller, Federal Practice and Procedure: Civil* § 2406 (1971) (discussing, prior to the adoption of the Federal Rules of Evidence, cases in which "the question of admissi-

bility of evidence is so intertwined with a state substantive rule that the state rule excluding the evidence will be followed in order to give full effect to the state's substantive policy"). Although some federal courts have *admitted* evidence, otherwise excludable under federal law, on the ground that the state rule admitting the evidence was "so intertwined with a state substantive rule," *see, e.g., Woods v. Holy Cross*

the Supreme Court's holding in *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), which, prior to the adoption of the Federal Rules of Evidence, recognized congressional authority to make rules governing practice in federal courts that, "though falling within the uncertain area between substance and procedure, are rationally capable of classification as either." *Id.* at 472, 85 S.Ct. at 1144. Because rules of evidence are "largely procedural," *Hanna* generally compels application of federal law to evidentiary issues that arise in federal court. *Salas v. Wang*, 846 F.2d 897, 906 (3d Cir.1988). In some instances, though, the Federal Rules of Evidence call for the application of state evidentiary law.

■ The issue in this case is whether a state rule excluding evidence—the Pennsylvania wiretap statute—creates a "privilege" within the meaning of Rule 501 of the Federal Rules of Evidence. Rule 501 provides, in relevant part, that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State or political subdivision thereof shall be determined in accordance with State law." Accordingly, the Third Circuit has held that a federal court hearing an action in which state law supplies the rule of decision is required "to apply the law of privilege which would be applied by the courts of the state in which it sits." *Samuelson v. Susen*, 576 F.2d 546, 549 (3d Cir.1978); *see also In re Westinghouse Electric Corp.*, 76 F.R.D. 47 (W.D.Pa.1977). If, on the other hand, a party in federal court seeks to exclude evidence solely on the basis of a state evidentiary rule that does not rise to the level of a privilege, the question whether to admit or exclude the evidence ordinarily should be decided in accordance with federal law.[2]

■ Although Congress held extensive debate over the authority to be accorded state privileges in federal court, when it finally adopted Rule 501, it offered little guidance by way of statutory language or legislative history as to what constitutes a "privilege" for the purposes of the rule. It does not seem necessary for the purposes of this motion, however, to define the precise contours of "privilege," because the protections afforded by the exclusionary provision of the Pennsylvania wiretap statute differ essentially from the protections conferred by a privilege under state or federal law. In particular, § 5721 of the Pennsylvania wiretap statute extends its shield to *all* communications intercepted in violation of the statute's provisions, regardless of the character of the communications at issue. In contrast, an important defining aspect of a "privilege," both historically and common-sensically, is that the privilege directs itself to particular *relationships*. Thus, each of the traditionally-rec-

*Hospital*, 591 F.2d 1164, 1168 n. 6 (5th Cir.1979) (allowing introduction of mediation panel findings into evidence in Florida-law-based malpractice action), no instances appear to have surfaced subsequent to the adoption of the Federal Rules of Evidence *excluding* evidence on that basis. In any case, I am not persuaded that the failure to observe the Pennsylvania wiretap statute's exclusionary provisions in a federal diversity proceeding will undermine the substantive policy underlying the statute, particularly in light of the remedies the statute itself provides for victims of unlawful wiretaps. *See* 18 Pa.C.S.A. § 5725 (authorizing the recovery of actual damages, liquidated damages, punitive damages, attorneys' fees and litigation costs); *see also Tarnoff v. Wellington Financial Corp.*, 696 F.Supp. 151 (E.D.Pa.1988) (admitting in evidence in federal diversity trial tapes of phone conversations intercepted in contravention of Pennyslvania wiretap statute).

2. In this respect, the Federal Rules of Evidence embody a compromise under which federal courts sitting in diversity resolve evidentiary disputes involving areas of traditional state law, such as privileges, competency of witnesses (Rule 601), and presumptions (Rule 302) in accordance with state law, while resolving all other evidentiary questions in accordance with federal law. *See Salas v. Wang*, 846 F.2d 897, 905-06 (3d Cir.1988). The choice by Congress to incorporate state law on privileges into the Federal Rules reflected its view that state law privileges should be accorded a special deference because of the substantive state policies that privileges tend to advance. *See generally C. Wright & K. Graham, Federal Practice and Procedure: Evidence* § 5422 (1980).

ognized privileges in federal and state law, such as attorney-client, clergy-communicant, and physician-patient, can be traced to an interest in fostering and protecting a relationship of high social importance.

The defendant asserts that the Pennsylvania wiretap statute creates a "privilege" in § 5721 based on the state's substantive concern for the privacy of its citizens. Although an individual's interest in privacy often underlies the development of a privilege, *see, e.g.* Note, *Developments in the Law—Privileged Communications,* 98 *Harv.L.Rev.* 1450, 1480 (1985), no court or legislature has, to this court's knowledge, recognized or created a privilege on the basis of privacy in and of itself, apart from a particular context or relationship in which an individual's interest in privacy commands a special status. Moreover, to recognize privileges in all cases in which a privacy interest is implicated by a state evidentiary rule would be to undermine the congressional goal of developing a uniform set of evidentiary rules for federal court. Although Congress, in adopting Rule 501, expressly mandated federal court deference to state rules of privilege, it did not at the same time express an intention to enlarge the category of state rules recognized as "privileges" so as to mute the effect of other federal evidentiary rules.

To conclude, because the Pennsylvania wiretap statute focuses on the manner in which a conversation is heard rather than the nature of the parties to the conversation, it does not create a privilege within the meaning of Rule 501 of the Federal Rules of Evidence. *Accord Tarnoff v. Wellington Financial Corp.,* 696 F.Supp. 151 (E.D.Pa.1988); *Wilson v. North American Reinsurance Corporation,* slip. op., Civil Action 86–4968 (E.D.Pa. May 16, 1988) [available on WESTLAW, 1988 WL 48561] (refusing to exclude evidence in federal diversity proceeding based on Florida wiretap statute).

Accordingly, defendant's motion to exclude will be denied in an accompanying order.

ORDER

For the reasons given in the accompanying memorandum, defendant's Motion to Exclude is DENIED.